171 So. 917

## ASKEW v. STATE.

### 4 Div. 264.

Court of Appeals of Alabama.

Jan. 12, 1937.

J. N. Mullins, of Dothan, for appellant.

A. A. Carmichael, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was indicted for the offense of murder in the first degree, it being alleged that he "unlawfully and with malice aforethought killed Curry Word by cutting him with a knife." Upon his trial the jury convicted him of the offense of manslaughter in the first degree, and fixed his punishment at imprisonment in the penitentiary for the term of three years. He was adjudged and sentenced, accordingly.

It appears that appellant cut—so that he died—Curry Word with a pocket-knife, in a difficulty in which appellant was engaged with both Paul and Curry Word—brothers.

The difficulty appears to have arisen, first, between appellant and Paul Word; Curry interceding, later, either as peace-maker or to help his brother—according to the way the jury may have looked upon the testimony.

We see no error in allowing in evidence all that took place between Paul Word and appellant from the time they first met until the fatal portion of the rencountre. Only a few minutes so elapsed; and, so far as we can see, the whole circumstances, or transactions, were a part of one and the same continuous, if slightly intermittent, difficulty.

The case was one peculiarly for the jury's decision. The learned trial judge was careful and explicit in his oral charge to make clear every principle of law that should govern them in their consideration of the issues.

Said oral charge, in connection with the several written charges given at appellant's request, rendered it unnecessary for the jury to be further instructed. All the written charges refused to appellant were, even if otherwise proper, hence refused without error. Code 1923, § 9509.

The last sentence of the next preceding paragraph is perhaps not true with reference to appellant's written, requested, and refused charge No. 9. But as to this charge, even if it should be said to be correct, and covered by no given charge, it is our opinion that its refusal worked, and could work, no harm to appellant. This for the reason that, under his own testimony, the question of his guilt vel non could only be decided by the jury. And no issue, in our opinion, could have been changed, or affected, by the refusal of said charge.

The case presents one of those unfortunate affairs where friends let hot blood get the better of sober judgment. Appellant's written, requested, and given charges all but invited the jury to find him guilty of manslaughter in the first degree—rather than of murder.

The proceedings, including the trial, seem to have been conducted without error anywhere intervening.

And the judgment is affirmed.

Affirmed.